```
UNITED STATES DISTRICT COURT                                           C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                 :
KRIS GOUNDEN,                                                    :
                        Plaintiff,                               :
                                                                 :
             - against -                                         :   **MEMORANDUM AND ORDER**
                                                                 :
CITY OF NEW YORK; SHERIFF DEPT.;                                 :   15 Civ. 5481 (BMC)(LB)
NYC SHERIFF; NYC SHERIFF SGT.                                    :
WILLIAMS; OFFICER X; CAPTAIN Y;                                  :
NYPD OFFICER A; OFFICER B; OFFICER C;                            :
NYC DEPT. OF CORRECTIONS (MDC)                                   :
MANHATTAN DETENTION CENTER-                                      :
RIKERS ISLAND,                                                   :
                                                                 :
                        Defendants.                              :
----------------------------------------------------------------- X
```

Plaintiff *pro se* brings this action pursuant to 42 U.S.C. § 1983 and alleges constitutional violations arising out of his arrest which took place on or about June 19, 2014. Plaintiff seeks to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. For the reasons that follow, plaintiff is directed to either (1) submit an amended IFP application; or (2) pay the statutory filing fee of $400.00 within fourteen (14) days of the date of this Order in order to proceed with this action.

## **DISCUSSION**

The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system. See, e.g., Coppedge v. United States, 369 U.S. 438 (1962); Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463 (S.D.N.Y. 2004). Section 1915 of Title 28 of the United States Code instructs a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. §

1915(e)(2)(A). Courts have found that the statute is a "privilege provided for the benefit of indigent persons" and the court system "depends on the honesty and forthrightness of applicants to ensure that the privilege is not abused." Cuoco, 328 F. Supp. 2d at 467 (internal citations omitted). Whether a plaintiff qualifies for IFP status is a decision left to the discretion of the district court. Pinede v. New York City Dept. of Environmental Protection, No. 12 CV 06344, 2013 WL 1410380 (E.D.N.Y. Apr. 8, 2013).

The financial declaration form that plaintiff has submitted does not satisfy the Court that he is unable to pay the Court's filing fee to commence this action. Plaintiff states that he is presently employed and his gross wages are $12,000.00 and his take-home pay or wages are $10,000.00. Plaintiff fails to state his employer's name and address and whether the pay is bi-weekly, monthly, or yearly. Plaintiff indicates that he has no cash available in a checking or saving account. However, when asked to indicate expenses, debts or financial obligations, whether he owns an automobile, real estate, stocks, jewelry or other items of value, he fails to file a response. Accordingly, his request to proceed IFP is denied.

## CONCLUSION

Plaintiff must pay the $400.00 filing fee or submit an amended IFP application within fourteen (14) days of the date of this Order in order to proceed further. No summons shall issue at this time and all further proceedings shall be stayed for fourteen (14) days or until plaintiff has complied with this Order. If plaintiff fails to pay the filing fee or submit an amended IFP application within the time allowed, the instant complaint shall be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

**SO ORDERED.**

                                                                    U.S.D.J.

Dated: Brooklyn, New York
       September 25, 2015